Thank you, Your Honor. We should have the resume from Mr. David Delaunay. Mr. Delaunay appeals from his MSPB on the decision that he was not discharged from the Navy in retaliation for whistleblowing activities. Mr. Delaunay alleges that he was protected in his Inspector General complaint under 5 U.S.C. Section 203-02-B8 and that the disclosure was a contributing factor to the agency's decision to take or fail to take or threaten to take or fail to take alleged retaliatory personal actions. And he met his burden by showing this biased hypothesis of the evidence that the agency did not approve by declaring convincing evidence that it would have taken the same actions absent the disclosure. In this case, the administrative judge found that Mr. Delaunay did meet his burden of initial proof and just proceeded at the hearing on the agency's proof of declaring convincing evidence. My understanding is that you're only challenging the removal of action as being excessive. Well, Your Honor, that issue could have been explained a little better, but he is actually- It seems to me that's the only thing you raised in your brief. Well, the removal was excessive in light of the whistleblowing and the facts that we raised in the- The whistleblowing as a factor in the determination of the ruling. Yes, Your Honor, exactly. And it's undisputed that he met the elements of his case. He did make an allegation of waste, fraud, and abuse, alleging that millions of dollars were being spent and just sitting in warehouses in third world countries where we were at war. It seems to me that you challenged the whistleblowing determination, not the challenge to the removal action. Well, Your Honor, we're saying that the whistleblowing activity is what brought about the removal. And were it not for the whistleblowing activity, he would not have been removed. The persons that removed him were the three persons he complained about in the Inspector General complaint. But why those merits of the removal, which isn't properly before us? Because the only thing you appealed is the application of the Douglas factors. You haven't appealed the issue of whether or not the removal was proper. You really appealed the issue of whether procedurally it was proper because they considered all the factors. Well, in light of the totality of the circumstances, when I talk about the Douglas factors and incorporate it in the excerpts of record, are all of the proof for the whistleblowing case, all of the opening statements, closing statements, and evidence supporting those claims. And there couldn't be a removal without the whistleblowing. According to our position, he made allegations of millions of dollars in waste by his three superiors, his military superiors. And those three are the ones who took the action of removal against him. They had the motive to do that and the ability to do that. And they based it on his fears of being removed. Throughout the record, you can see that they removed him because he was so fearful of being removed. They felt his fear was unreasonable. He alleged that they were wiretapping him and following him and monitoring his keystrokes. And he is a high-level, top-secret clearance government official that is a telecommunications specialist. That's his specialty. He knows about those kind of activities that the government performs. And he alleges that they were performing them on him. And they, in turn, used those fears to remove him. Thank you. Is there anything more I could add without reciting too much from the record? I think that's all. We will be chairing the report at the bottom. Thank you very much. Thank you, Mr. Governor. Good morning, Your Honors. May it please the Court, I'm Gloria Stern here on behalf of the United States Department of the Navy. As the Court clearly recognizes, the only issue that was raised in this appeal was the penalty that was imposed, the penalty of removal. The petitioner argued in his brief that the penalty of removal was too excessive given the grounds for the discharge and that the administrative judge failed to consider properly all of the factors. However, this Court views an agency's selection of penalty giving great deference to the agency. And a penalty will only be overturned if it's totally unwarranted under the circumstances. As we demonstrated in our brief, the petitioner cannot meet this high bar. Is this another one of those cases where you can't have a job because it doesn't have a security clearance and you can't renew the security clearance? No, Your Honor. He was removed based on his absence without leave, his failure to perform his work once he did return to work, and his unacceptable behavior. But he also lost his security. He did, and that gave rise to a suspension. He couldn't have a job without his security clearance. That's true, but that was not the ultimate grounds for his removal. His removal was due to absence without leave. That was the grounds for an indefinite suspension but not for his removal. His removal was based on his absence without leave, his failure to perform any duties. He did have some duties he could come back and perform that didn't involve classified materials, and he did not perform those duties when he came back to work. And he also engaged in a lot of very disruptive and bizarre behavior. And those were the grounds for his removal. If the Navy had said, okay, well, we're removing the security clearance because of these things, and then you can't review the removal of security clearance, we wouldn't have anything to decide, right? That's true, unless there was some procedural defect in the negative. But that's not the circumstance in this case. Given those charges of excessive absence without leave, he was gone for nearly six and a half weeks without any real medical documentation explaining what he was suffering from, despite the agency's direction to him specifically to provide information. He, again, came back to work, had some work he could have done, and failed to perform it and also engaged in bizarre and disruptive behavior. The charges were sustained by the administrative judge. Those were not challenged on appeal. Given those sustained charges, the discipline of removal was clearly not totally unwarranted under the circumstances. And as that is the only issue on appeal, unless there are any further questions from the court. And for these reasons and for those stated in our brief, we respectfully request the court to affirm the decision of the merits of such an action. Thank you. Thank you, Mr. Do you want to rebuttal? Just briefly. It's important that you know that Mr. Delany was hired by the Navy in August of 1994, and he had a stellar, what his superiors described as a stellar work record. Up until the day he filed the Inspector General complaint, making these allegations of theft, fraud, and abuse, on February 22nd, 05. Within 10 days, he was removed from the head of projects all around the world, and they were taken over by his immediate supervisor, who was one of the persons that he alleged the government placed a theft and abuse on. In addition to that, as to the security clearance, there is testimony in the record by the Colonel that he did initiate a security clearance investigation against Mr. Delany. Because of his fears of retaliation, his security clearance was rescinded. The record also shows, in our excerpts of the record, the testimony that he tried to return to work more than once, and every time he tried to return to work, he was sent back home. There were various excuses given to him, like his office blocks had been changed, his computer passwords had been changed, his computer files had been locked out of. I mean, he was just constantly shut down every time he tried to get back into the workplace, and this caused him to be more fearful that they were out to get him. And then they turned around and said, well, now you're not here, and your fears are bounded. And really, the government should have hired some third party to look into his allegations, just to alleviate his fears that they had a motive to retaliate against him, or impose some kind of a lesser disciplinary action, sort of removal, based on his stellar record and their own testimony that he was held in high esteem by all of his superiors, until he filed this lawsuit. Thank you very much.